IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN MOORE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WUXI APPTEC, INC. | : | NO. 20-5138 |

MEMORANDUM

Bartle, J.                                                December 15, 2020

Plaintiff Alan Moore has filed this diversity action against his former employer, defendant WuXi Apptec, Inc.  He seeks a declaratory judgment to preclude defendant from enforcing a 2015 non-competition agreement against him. Defendant has filed a motion to dismiss or in the alternative to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the District of Minnesota.

On May 15, 2015, plaintiff signed what was titled a "Non-Competition and Confidentiality Agreement" with defendant. The agreement provides that "[t]he validity, enforceability, construction, and interpretation of this Agreement will be governed by the laws of the State of Minnesota."  It also contains a "Venue and Personal Jurisdiction" provision which states: "Any dispute between Employee and WuXi arising out of or related to this Agreement . . . will be exclusively decided by a state or federal court of competent jurisdiction in Minnesota."

1

This provision also states that the employee waives the right to have any dispute arising from this agreement decided in another jurisdiction or venue and that the employee "irrevocably consents to the personal jurisdiction of the state and federal courts in the State of Minnesota."

The court must first determine whether venue is proper in this district under 28 U.S.C. § 1391(a)-(c) without respect to any contractual forum selection clause.  See Atl. Marine Constr. Co. v. United States District Court for the Western District of Texas, 571 U.S. 49, 56 (2013).  Because it is undisputed that defendant does business within and is subject to personal jurisdiction in the Eastern District of Pennsylvania, venue is properly laid here.

Where venue exists under § 1391 and there is a valid forum selection clause which provides for venue in another district, a party may move to transfer the action under 28 U.S.C. § 1404(a) which reads in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  See Atl. Marine, 571 U.S. at 59.

Generally, in this circuit, a court must then evaluate the various private and public factors set forth in Jumara v.

2

State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995), to determine whether transfer is appropriate.  See also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981).  However, this analysis is modified where there is a forum selection clause.  Under these circumstances, Atlantic Marine disallows consideration of private interests since they must be deemed "to weigh entirely in favor of the preselected forum."  Atl. Marine, 571 U.S. at 64.  Only public factors may be in play, but even then, opines the Supreme Court, "those factors will rarely defeat a transfer motion" and "the practical result is that forum-selection clause should control except in unusual cases."  Id.

The public factors include: (1) the enforceability of the judgment; (2) court congestion of the different fora; (3) local interest in deciding local controversies at home; (4) public policies of the fora; and (5) familiarity of the trial judge with the applicable law in state diversity cases.  Jumara, 55 F.3d at 879.  The Supreme Court has explained that unlike transfers of diversity cases in other situations, the transferee court will apply its own law and not the law of the transferor court where there is a forum selection clause.  Atl. Marine, 571 U.S. at 65.  Cf. Van Dusen v. Barrack, 376 U.S. 612 (1964).  None of these public factors weighs heavily against transfer of this action to the District of Minnesota.

Plaintiff contends that the forum selection clause is unenforceable and thus invalid because it is "overreaching," that is because it was executed as a condition of plaintiff's continued employment with defendant. There is nothing in the record at this stage of the action to support the invalidity of the forum selection clause. Simply making bare assertions to this effect in a brief without more will not suffice. According to his complaint, plaintiff avers he is a well-respected and accomplished professional in the bio-technology industry and was "formerly employed as a Vice-President by Wuxi." There is nothing before the court from a review of the terms of the non-competition agreement itself or from the otherwise sparse record to prevent the court from enforcing the forum selection clause. In the words of the Supreme Court, this is not the unusual case requiring a contrary result.

Plaintiff's reliance on Dentsply International, Inc. v. Benton, 965 F. Supp. 574 (M.D. Pa. 1997), is not persuasive. First, the court stated that forum selection clauses in employment contracts should generally not be enforced. This is not in conformity with Atlantic Marine. In any event, the facts of Dentsply are quite different from these presented here. There, the court found that the defendant had overreached because it had conducted "a mass signing by all employees and simply directed them to sign the agreement." Dentsply, 965 F.

4

Supp. at 579.

Finally, plaintiff argues that defendant's pending motion should be denied because defendant is currently litigating in the Eastern District of Pennsylvania an action involving two of its other former employees whose non-competition agreements included similar forum selection clauses as exist here.  See McCormick v. WuXi Apptec, Inc., Civil Action No. 20-3766 (E.D. Pa.).  We find this position unpersuasive.  The fact that defendant did not seek to transfer that action has no bearing on defendant's decision in this case.

Accordingly, the court will grant the motion of defendant WuXi Apptec, Inc. to transfer this action under 28 U.S.C. § 1404(a) to the Untied States District Court for the District of Minnesota.  The court will deny defendant's alternative motion to dismiss.